No. 13,685.

STATE EX REL. M. J. HIERN ET AL. VS. HON. JOHN ST. PAUL, JUDGE OF DIVISION "C", CIVIL DISTRICT COURT.

SYLLABUS.

1. On an application for an injunction to be issued without bond, the judge of the first instance had refused the application, and the sale the proposed injunction sought to injoin, had been made, the deed recorded, and the return is that the purchaser is in possession.

*Mandamus* issues to compel an officer to do an act, and will not issue after an act has been done and has become an accomplished fact. The power to set aside a sale and reinstate proceedings in order that an injunction may be issued is not one that can be exercised under that writ. To decide in the present situation of the case, that relator was entitled to an injunction without furnishing a bond would be to decide an abstract proposition, as the court would have no authority to grant any relief.

2. With reference to prohibition, it lies when the court to which it is addressed has no jurisdiction. The court *a qua* had jurisdiction to issue

State ex rel. Hiern vs. Judge.

the writ of seizure and sale and to grant the writ of injunction or refuse it. The irregularity complained of is not jurisdictional.

3. As relates to *certiorari,* it was issued as ancillary to the writ of *mandamus,* and, moreover, this writ will not issue, after the proceedings are brought to an end by a sale, to correct irregularities preceding the sale.

Moreover, these writs will not issue when the law affords the party other specific and adequate remedy.

APPLICATION for Writs of *Certiorari, Mandamus* and Prohibition.

*Albert Voorhies,* for Relatrix.

Respondent Judge *pro se.*

(*McCloskey & Benedict,* of Counsel.)

The opinion of the court was delivered by

BREAUX, J. Relator seeks to compel the District Court to issue an order of injunction without requiring bond, and to have the proceedings of which she complains, reviewed by this court.

The proceedings began with a writ of seizure and sale issued against relator on an authentic act of sale of property, described in her petition, which was seized under the writ. The vendor, viz: the Eureka Homestead Society, reserved a mortgage to secure three thousand five hundred dollars and interest, being the purchase price of the property sold by this Homestead Association to Mrs. M. J. Hiern, who is relator here.

Mrs. Hiern's predecessor in title was Mrs. Delvin. In order to buy the property from Mrs. Delvin, Mrs. Hiern became a stockholder of the Homestead Association in question, for seven shares, and made needful deposit to complete her purchase. The property was sold to the association in compliance with the common agreement, and afterwards it transferred the property to relator, Mrs. Hiern, for three thousand five hundred dollars, without deducting the amount deposited. Thereafter, the said association exacted of relator a mortgage note for the full amount of three thousand five hundred dollars, payable on demand. By the terms of the charter, relator had a series of years within which to pay the purchase price.

The Civil District Court granted the injunction for which she had petitioned and to which she laid claim without bond. But the court refused to grant the whole of relator's prayer and ordered her to execute

a bond for $300. She was unable to furnish the required bond, and, in consequence, the sheriff sold the property in the foreclosure proceedings sued out; and the mortgage creditor, i. e., the Eureka Homestead Society, became the owner for two thousand seven hundred dollars.

It appears that in relator's petition for an injunction, she alleged the nullity of the executory process, and alleged further that the mortgage in question is a collateral obligation securing relator's indebtedness to the Society and that the mortgagee's foreclosure should have been preceded by a settlement of accounts between her and the Society. The judge of the District Court, in answer to the rule *nisi* which was issued by the Supreme Court, returned that due authentic evidence was produced, as well as a statement of account between the parties, upon which the order of seizure and sale was issued; that, thereafter, an application was made by the relatrix for a writ of injunction without bond to stay the sale advertised; that the respondent did not think that the injunction was one which he was authorized to grant without bond and for that reason he required bond in the sum of three hundred dollars, which relatrix did not execute; that the sale which relatrix sought to restrain without bond was made to her creditor, the Eureka Homestead Society, on the 27th of October, 1900, and said Society has been in possession as owner since that date.

Relator's application for *certiorari, mandamus* and prohibition was filed here on the second day of November, a number of days after the adjudication of the property to the plaintiff in the executory proceedings. The adjudication and sale had become *un fait accompli* before this application was presented, and, it follows, before the rule *nisi* had been issued by this court.

Now as relates to the *mandamus* for which relator sues, no order can issue at this time as it would be entirely too late to effect any purpose. We have no authority to reinstate the writ of seizure and sale and then order that injunction issue restraining execution of the writ without bond, were we to find that the case is one in which one enjoining has the right to an injunction without bond. The writ of *mandamus* will not issue to the end of reviewing matters which might have been, but were not, raised before the adjudication complained of had been made. In this situation of affairs, we are not authorized, under our laws, to reverse and set aside a sale which has already been made on the ground here urged by relatrix, that is, re-open all that has been done under the writ of seizure and sale and bring the whole proceeding before the

court to examine into its validity. *Mandamus,* after the act, is not the remedy laid down in the Code of Practice for the judicial questions which will arise on the petition of injunction whereby the relatrix sought to restrain the sale in question.

*Mandamus* will not issue when it is manifest that the process will be unavailing. It will not issue to the end of reviewing matters which were not timely urged. No application for a *mandamus* is in time to compel the court of the first instance to grant a special order of injunction without bond after the sale one seeks to enjoin has been made and completed. The relator, at this stage of affairs, must seek other modes of relief for protection against irregular foreclosure proceedings.

Now, as to the writ of prohibition; unquestionably the District Court had jurisdiction to issue the order of seizure and sale, and the officers had authority to execute the writ of seizure and sale. The property was legally advertised for sale under a legal order of sale.

Prohibition will not issue when it does not appear that the court was without jurisdiction, nor when the act to be prohibited is already done. C. P. 846. As relates to *certiorari,* we take it that, in this case the writ of *certiorari* was applied for and issued as ancillary to the writ of *mandamus.* Be that as it may, there is remedy by appeal from the order refusing to grant an injunction without bond, and there is remedy by the direct action, although the injunction itself be not granted. We do not find authority in the Articles of the Code to issue any of these writs at this time to have it determined wherein the judge of the court *a qua* may have committed a mistake, particularly in view of the fact that relator is not without other remedies.

In State *ex rel.* Bank vs. Judges, 50 Ann. 26, we said: "Under the writs of *certiorari* or prohibition we can correct proceedings for lack of jurisdiction while the proceedings are in progress, and we can correct execution of a void judgment. But after the judicial proceedings are ended, our writs go only to the execution of the judgment. C. P. 847, 853; Clark vs. Rosenda, 5 Rob. 27." Whatever rights the purchaser may have acquired, cannot be attacked by *mandamus* and other summary writs.

For reasons assigned, the order *nisi* which issued on relator's application is recalled and discharged and the application for *certiorari, mandamus* and prohibition, is rejected.

Rehearing refused.